IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE SEARCH OF

One LG Verizon phone, gray in color, associated telephone number (304)639-2853, currently located at the Federal Bureau of Investigation, Wheeling Residence Agency, 1125 Chapline Street, Suite 401, Wheeling, WV 26003

Case No. 5:20-mj-18

UNDER SEAL

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, JAMES ROGERS, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in **Attachment B.**

2. I am a Special Agent with the Federal Bureau of Investigation since February 23, 2003. Your Affiant is a duly authorized Federal law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and is empowered by law to conduct investigations of and to make arrest for offenses enumerated in Title 18, U.S.C. § 2252A. Your Affiant has experience investigating criminal matters including violent crimes against children, white collar crime, violent crimes, and other violations of Federal law. Your Affiant has experience seizing computers and electronic media and obtaining legal authorization for the imaging, extraction and analysis of stored electronic information on such devices. Your Affiant has

knowledge of or participated in all investigative activities in this investigation. The information provided in this Affidavit is based upon investigation conducted by the FBI, Wheeling, West Virginia, Resident Agency.

3. Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that violations of Title 18 U.S.C. § 2252A(a)(5)(B) – Possession of Child Pornography - were committed by Jeremy Crinkey. This Affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a LG Verizon phone, gray in color, associated telephone number (304)639-2853, (hereinafter, the **"Subject Property"**). The **Subject Property** is currently located at the FBI, Wheeling Residence Agency, 1125 Chapline Street, Suite 401, Wheeling, WV 26003.

5. The applied-for warrant would authorize the forensic examination of the **Subject Property** for the purpose of identifying electronically stored data particularly described in **Attachment B**.

## PROBABLE CAUSE

6. This investigation was opened on March 10, 2020 after the FBI Wheeling Resident Agency was contacted by the United States Probation Office, 1125 Chapline Street, Suite 103, Wheeling, WV 26003 about an individual, Jeremy Crinkey, who admitted to downloading and possessing child pornography from the internet. These are violations of his Supervised Release for a previous conviction for Possession of Child Pornography. Probation Officer, Matthew Schmitt,

2

advised that, during a probation check of Crinkey, Probation Officers noticed that Crinkey was in possession of an electronic tablet, which is a violation of his Supervised Release. When Probation Officers questioned Crinkey, he initially denied possessing any electronic devices and accessing the internet, but after Probation Officers identified a gray Samsung Tablet S5E in plain view and further questioned Crinkey, he admitted that he had accessed the internet and the Samsung tablet in his possession contains child pornography. Crinkey further advised that he had been accessing the internet for at least one year, with the intent of searching for child pornography, and further stated that he cannot control himself. Probation Officers also reviewed Crinkey's personal cellular telephone and observed images of clothed young children and pictures of a naked adult woman stored within the image files on his phone. When Probation Officers questioned Crinkey about the images, Crinkey advised that the images were old and that he did not have any contact with minors. Probation Officer Schmitt informed Agents that Crinkey previously had a relationship with a female, C.W., who allowed Crinkey to have contact with her children. The Probation Office has clearly indicated that, per Crinkey's supervised release, he is to have no contact with C.W.'s children or other minors and he was not allowed to access the internet. Crinkey's personal cellular telephone was seized by Probation Officers for further analysis and referral to the FBI. Probation Officer Schmitt also advised that Crinkey stated that he can't control his urge to seek out child pornography, and, if he is sent back to jail, this will not have any effect on his urges or stop him from seeking out child pornography in the future.

7. On March 6, 2020, FBI Wheeling met with the United States Probation Office and obtained the LG Verizon cellular telephone and Samsung Galaxy S5E that was seized from Crinkey. The electronic devices were taken into custody and are maintained at the FBI Wheeling Residence Agency pending a Federal Search Warrant for analysis.

8. Based on the Aforementioned, I believe there is probable cause that the electronic device described in **Attachment A** of this Affidavit contains fruits and instrumentalities and evidence of the crimes of Possession of Child Pornography. This Affidavit seeks authorization to search the **Subject Property**. The **Subject Property** is currently in the lawful possession of the Federal Bureau of Investigation and was obtained from the United States Probation Office, who lawfully seized it and turned it over to the FBI as described in paragraph 6 of this Affidavit. Therefore, while the Probation Department may already have – and may lawfully delegate – the authority to search the **Subject Property** pursuant to the terms and conditions of Crinkey's Release, I seek this additional warrant out of an abundance of caution to be certain that an examination of the electronic devices will comply with the Fourth Amendment and other applicable laws.

9. The **Subject Property** is currently in storage at the Federal Bureau of Investigation, Wheeling Residence Agency, 1125 Chapline Street, Suite 401, Wheeling, WV 26003. In my training and experience, I know that the electronic device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as is was when the electronic device first came into the possession of the Federal Bureau of Investigation.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

10. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed on the Internet via the device can typically be automatically and temporarily stored for some period of time on the device, or may be downloaded onto the device to a temporary folder, or may have

4

been purposefully saved to the device. These files and related artifacts can often be recovered with forensics tools.

11. There is probable cause to believe that there is evidence of criminal activity located on the **Subject Property** in image files and evidence of fruits of crime stored in other files and directories on the **Subject Property** that may still be stored there, for at least the following reasons:

   a. Based on my knowledge, training, and experience, I know that cellular telephone records may contain files or remnants of digital images, videos, text files, and audio recorded files that can be recovered months or even years after they have been downloaded onto a storage medium, or deleted. Electronic files, including emails, texts, digital image files, videos and audio recordings can be downloaded to a storage medium and can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone or other electronic device, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

   b. Cellular telephone storage media may contain electronic evidence of how a cellular telephone has been used, what it has been used for, and who has used it, such as call logs, user identifications (ID's) and passwords, telephone numbers, favorites, contact lists and electronic communications date and time stamps.

12. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Subject Property** consistent with the warrant. The examination may require authorities to employ techniques,

including but not limited to computer-assisted scans and decryption of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

13. *Manner of execution.* Because this warrant seeks only permission to examine the **Subject Property** already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

14. I submit that this Affidavit supports probable cause for a search warrant authorizing the examination of the **Subject Property** described in **Attachment A** to seek the items described in **Attachment B**.

_____
James Rogers
Special Agent, FBI

Sworn and subscribed before me on this 30th day of March, 2020.

_____
JAMES P. MAZZONE
United States Magistrate Judge